Jordan S. O'Donnell
MULLEN COUGHLIN LLC
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333

*Attorneys for Defendant PublicNSA, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ATLAS DATA PRIVACY CORPORATION,** *as assignee of individuals who are Covered Persons*, **SCOTT MALONEY, JUSTYNA MALONEY, and PETER ANDREYEV,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**PUBLICNSA, LLC, RICHARD DOES 1-10, AND ABC COMPANIES 1-10,**<br><br>    **Defendants.** | **Case No. 1:25-cv-05989-HB** |

## DEFENDANT PUBLICNSA, LLC'S BRIEF IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFFS' COMPLAINT

# **TABLE OF CONTENTS**

I.  INTRODUCTION ....................................................................................................1

II.  PROCEDURAL BACKGROUND ..........................................................................2

    A.  Procedural History of This Matter. .......................................................2

    B.  Other Daniel's Law Matters. ................................................................3

III.  FACTUAL BACKGROUND...................................................................................5

    A.  Daniel's Law. ........................................................................................5

    B.  The Parties, the Atlas Platform, and AtlasMail. ..................................7

        1.  Atlas's Terms of Service.............................................................8

        2.  Omissions in Complaint Regarding Notices Sent to PublicNSA. ...........................................................................11

    C.  Facts Relevant to Personal Jurisdiction...............................................12

IV.  LEGAL STANDARD ............................................................................................12

    A.  Standard of Review for Motion to Dismiss..........................................12

    B.  Standard for Motion to Dismiss for Lack of Personal Jurisdiction ....13

V.  ARGUMENT..........................................................................................................14

    A.  Daniel's Law is Facially Unconstitutional and Violates the First Amendment. ..........................................................................................14

    B.  Daniel's Law Also Violates PublicNSA's Fourteenth Amendment Rights.....................................................................................................15

    C.  The Court Lacks Personal Jurisdiction Over PublicNSA. ..................16

1.    The Court Lacks General Jurisdiction Over PublicNSA. ......... 16

2.    The Court Lacks Specific Jurisdiction Over PublicNSA. ........ 17

D.    The Complaint Fails to State a Claim. ................................................. 20

1.    Daniel's Law Does Not Apply Extraterritorially to PublicNSA. .................................................................................... 21

2.    Plaintiffs' Claims are Barred by the Communications Decency Act. ............................................................................................. 22

3.    The Complaint Does Not Plausibly Allege that Daniel's Law Applies to Its "Approximately 18,867" Purported "Assignors." .................................................................................... 23

4.    The Complaint Also Fails to Plausibly Allege Several Essential Elements of a Claim. ................................................................... 24

(a)    Plaintiffs Fail to Plausibly Plead Takedown Notices Were Sent by Authorized Persons. ........................................... 25

(b)    Plaintiffs' Takedown Notices Were Legally Deficient. . 26

(c)    Plaintiffs Fail to Allege Receipt of the Takedown Notices. .................................................................... 27

(d)    Plaintiffs Fail to Plausibly Allege PublicNSA Possessed Protected Information or Disclosed It After Receipt of a Takedown Request. ...................................................... 27

(e)    Plaintiffs Fail to Plead PublicNSA Acted in a "Negligent" Manner. .......................................................................... 29

5.    Plaintiffs Fail to Plausibly Plead Proximate Causation and Damages. ..................................................................................... 30

6.    The Court Should Strike Plaintiffs' Request for Injunctive Relief. ............................................................................................ 31

VI.    CONCLUSION. ............................................................................................. 31

## TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal*,
   556 U.S. 677 (2009) ......................................................................................... 12, 13

*Atlas Data Privacy Corp. v. We Inform, LLC*,
   758 F. Supp. 3d 322  (D.N.J. 2024) ........................................................... 4, 27, 29

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................... 12, 13

*Brand Strategy v. CAC Projects*,
   No. 23-cv-748, 2023 WL 4688086 (D.N.J. July 5, 2023) ................................... 17

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ............................................................................................. 17

*Daimler AG v. Bauman*,
   517 U.S. 117 (2014) ....................................................................................... 16, 17

*Echavarria v. Williams Sonoma, Inc.*,
   No. 15-cv-641, 2016 WL 1047225 (D.N.J. Mar. 16, 2016) ............................... 21

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
   592 U.S. 351 (2021) ............................................................................................. 16

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) ................................................................................ 13

*Garrett v. Wexford Health*,
   938 F.3d 69 (3d Cir. 2019) .................................................................................. 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ....................................................................................... 16, 17

*Griggs v. Swift Transp. Co.*,
   No. 17-cv-13480, 2018 WL 3966304 (D.N.J. Aug. 17, 2018) ........................... 16

*Hankins v. Doubletree Mgmt., LLC*, No. 19-cv-8698, 2022 WL 30133089 (D.N.J. July 29, 2022) ................................................................................................ 19

*Hurley v. Cancun Playa Oasis Int'l,*
No. 99-cv-574, 1999 WL 718556 (E.D. Pa. Aug. 31, 1999) .............................. 19

*Lohr v. Kimmel & Silverman, P.C.,*
No. 10-cv-5857, 2011 WL 1603567 (E.D. Pa. Apr. 28, 2011) ........................... 14

*Lutz v. Portfolio Recovery Assocs., LLC,*
49 F.4th 323 (3d Cir. 2022) ................................................................................ 13

*M.H. & J.H. v. Omegle.com, LLC,*
No. 20-cv-11294-KM-JBC, 2021 WL 1050234 (D.N.J. Mar. 19, 2021) ............ 19

*Marten v. Godwin,*
499 F.3d 290 (3d Cir. 2007) ............................................................................... 14

*Me. Cmty. Health Options v. U.S.,*
590 U.S. 296 (2020) ........................................................................................... 25

*Miller Yacht Sales, Inc. v. Smith,*
384 F.3d 93 (3d Cir. 2004) ........................................................................... 14, 17

*Oakwood Lab'ys LLC v. Thanoo,*
999 F.3d 892 (3d Cir. 2021) ............................................................................... 13

*Obado v. Magedson,*
No. 13-cv-2382, 2014 WL 3778261 (D.N.J. July 31, 2014) .............................. 23

*Oyebanji v. Palmetto Vacation Rentals, LLC,*
No. 20-cv-8983, 2021 WL 3732883 (D.N.J. Aug. 20, 2021) ............................. 19

*Papasan v. Allain,*
478 U.S. 265 (1986) ........................................................................................... 13

*Peikin v. Kimmel & Silverman, P.C.,*
576 F. Supp. 2d 654 (D.N.J. Aug. 21, 2008) ..................................................... 21

*Progressive Spine & Orthopaedics, LLC v. Empire Blue Cross Blue Sheild,*
No. 16-01649, 2017 WL 751851 (D.N.J. Feb. 27, 2017) ................................... 24

*Remick v. Manfredy*,
  238 F.3d 248 (3d Cir. 2001) ................................................................. 19

*Rivera v. Loto Grp., LLC*,
  No. 20-cv-4062, 2020 WL 7384720 (D.N.J. Dec. 16, 2020) .............. 17

*Rybasack v. Travelers Ins. Co.*,
  190 A. 308 (1937) ................................................................................ 21

*S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*,
  79 F. Supp. 2d 537 (E.D. Pa. 1999) .................................................... 19

*Toys "R" Us, Inc. v. Step Two, S.A.*,
  318 F.3d 446 (3d Cir. 2003) ................................................................ 19

## Statutes

28 U.S.C. § 1292(b) ..................................................................................... 4

47 U.S.C. § 230 ...................................................................................... 2, 22

47 U.S.C. § 230(f)(2) ................................................................................. 22

N.J.S.A. § 56:8-166.1 ............................................................................. 1, 5

N.J.S.A. § 56:8-166.1(d) ................................................................... 6, 7, 24

N.J.S.A. § 56:8-166.1(b)-(c) ................................................................ 7, 25

N.J.S.A. § 56:8-166.1(a)(2) ............................................................ 6, 25, 26

N.J.S.A. § 56:8-166.1(a)(1) ............................................................... 6, 7, 28

N.J.S.A. § 56:8-166.1(d)(1)-(3) ................................................................. 6

## Rules

Fed. R. Civ. P. 8 ....................................................................................... 30

Fed. R. Civ. P. 8(a)(2) .............................................................................. 13

Federal Rule of Civil Procedure 12 ....................................................................... 1, 3

Rule 12(b)(6).................................................................................................... 5, 20

Defendant PublicNSA, LLC ("PublicNSA") respectfully submits this Brief in support of its Motion to Dismiss Plaintiffs' Complaint ("Complaint") (Doc No. 1-1).

## I.    <u>INTRODUCTION</u>

Per the Court's order (Doc. 13), PublicNSA challenges Plaintiffs' Complaint on grounds available under Federal Rule of Civil Procedure 12. As discussed below, many of these arguments were previously raised in similar litigation by the same or similar Plaintiffs against other defendants, also arising under purported violations of Daniel's Law, N.J.S.A. § 56:8-166.1. Accordingly, PublicNSA references, incorporates, and summarizes those arguments as appropriate, and moves for dismissal of Plaintiffs' Complaint on those grounds.

In short, PublicNSA argues the Complaint should be dismissed for several reasons. First, it violates PublicNSA's First rights because it imposes content-based restrictions on protected speech and does not pass scrutiny. Alternatively, it violates PublicNSA's Fourteenth Amendment rights because it improperly restrains commercial speech. Notwithstanding, the Court also lacks personal jurisdiction over PublicNSA because it does not have any presence in New Jersey, nor the required minimum contacts. Additionally, the Complaint fails to state a claim for several reasons discussed below, including that Daniel's Law does not apply extraterritorially to PublicNSA and is barred by the Communications Decency Act,

47 U.S.C. § 230. There are also fatal issues with the sufficiency of the Complaint's allegations, including that it does not plausibly allege Daniel's Law applies to the approximately 18,867 assignors, Plaintiffs do not plausibly allege notices were sent by authorized person, and if they were, those notices were legally deficient and they fail to allege the required receipt by PublicNSA. Plaintiffs also do not plausibly allege that PublicNSA possessed protected information or disclosed it after receipt of a takedown request, and fail to allege PublicNSA acted in the required "negligent" manner. Finally, Plaintiffs fail to plausibly plead proximate causation and damages. PublicNSA also argues Plaintiffs' request for injunctive relief should be stricken.

## II.    __PROCEDURAL BACKGROUND__

### A. Procedural History of This Matter.

Plaintiffs filed their Complaint against PublicNSA in the Essex Superior Court on April 30, 2025. Doc. 1-1. On May 28, 2025, PublicNSA removed this matter to this Court. Doc. 1. On or about May 28, 2025, the Court designated and assigned the Honorable Harvey Bartle, III, U.S.D.J., to this matter, as it had with several dozen others recently filed by Plaintiffs seeking damages under Daniel's Law based on essentially verbatim allegations. Doc. 2. On June 17, 2025, the Court stayed this and several other similar matters brought under Daniel's Law. Doc. 7. On September 12, 2025, after a status conference regarding several dozen cases that had earlier been brought under Daniel's Law, the Court issued an order vacating the

stay order and requiring PublicNSA to file any motion under Rule 12 by October 17, 2025. Doc. 13. Pursuant to that order, PublicNSA is permitted to rely on and reference briefs of other defendants previously filed in related Daniel's Law cases before this Court. *Id.*

### B. Other Daniel's Law Matters.

As this Court is aware, there are dozens of similar Daniel's Law matters pending in this Court, all brought by Atlas Data Privacy Corp., as assignee of individuals who are Covered Persons ("Atlas"), as well as many more pending in New Jersey Superior Courts. For purposes of this Motion, PublicNSA expressly references, incorporates, and adopts arguments raised by the other Daniel's Law defendants ("Other Daniel's Law Defendants") in this Court, as discussed herein and identified below. For purposes of clearly identifying the prior briefing filed, PublicNSA identifies and shall refer to specific prior motions as follows:

- ***Challenges to Daniel's Law Constitutionality:***

  - Defendants' Consolidated Motion to Dismiss Plaintiffs' Complaint (Doc. 27, *et seq.*) filed on June 10, 2024, in Case No. 1:24-cv-4105, *Atlas Data Privacy Corp. , et al. v. Lightbox Parent, L.P., et al.*
    - Specifically, PublicNSA references the Memorandum of Law in Support (Doc. 27-33) as the **"First Amendment Brief"**
  - The Court denied Defendants' Consolidated Motion to Dismiss Plaintiffs' Complaint on November 26, 2024 (Docs. 31-32)
  - Other Daniel's Law Defendants thereafter appealed the Court's order, which is presently pending before the United States Court

of Appeals for the Third Circuit as Docket No. 25-1555 (the "**First Amendment Appeal**")

o Defendant Delvepoint, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. 3, *et seq.*) filed on March 25, 2024, in Case No. 1:24-cv-04096, *Atlas Data Privacy Corp., et al. v. Delvepoint, LLC, et al.*

  ▪ Specifically, PublicNSA references the Memorandum of Law in Support (Doc. 3-3) as the "**Fourteenth Amendment Brief**"

o The Court denied Delvepoint, LLC's motion on December 3, 2024 (Doc. 43)

o Defendant Delvepoint, LLC's Petition for Permission to Appeal Under 28 U.S.C. § 1292(b), filed on December 12, 2024, in Case No. 24-8046 before the United States Court of Appeals for the Third Circuit (Doc. 1-1), referred to as the "**Fourteen Amendment Appellate Petition**"

  ▪ The Third Circuit denied that petition on March 18, 2025 (Doc. 22-1)

- *Challenges to the Court's Personal Jurisdiction:*

o Defendants' Motions to Dismiss the Complaints (Doc. 45, *et seq.*), filed on March 18, 2025, in Case No. 1:24-cv-04037, *Atlas Data Privacy Corp., et al. v. We Inform LLC, et al.*,

  ▪ Specifically, PublicNSA references pages 3-14 of the Supporting Brief in Support of [Defendants'] Motion to Dismiss the Complaint (Doc. 45-1) as the "**Personal Jurisdiction Argument**"

- *Challenges to the Adequacy of Plaintiffs' Complaint:*

o Defendants' Motion to Dismiss the Complaints (Doc. 45, *et seq.*), filed on March 18, 2025, in Case No. 1:24-cv-04037, *Atlas Data Privacy Corp., et al. v. We Inform LLC, et al.*,

  ▪ Specifically, PublicNSA references pages 14-17 of the Supporting Brief in Support of [Defendants'] Motion to Dismiss the Complaint (Doc. 45-1) as the "**Extraterritoriality Argument**"

4

- PublicNSA also references pages 18-21 of the Supporting Brief in Support of [Defendants'] Motion to Dismiss the Complaint (Doc. 45-1) as the "**Communications Decency Act Argument**"

o Defendants' Consolidated Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 59, *et seq.*), filed on March 18, 2025 in Case No. 1:24-cv-04075, *Atlas Data Privacy Corp., et al. v. DM Group, Inc., et al.*

- Specifically, PublicNSA references Defendants' Memorandum of Law in Support of Defendants' Consolidated Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 59-1) as the **"12(b)(6) Brief"**

PublicNSA adopts the arguments raised within these briefs or portions of briefs, as discussed below. Rather than repeat them verbatim, PublicNSA generally provides a synopsis of these arguments, which identify the specific, corresponding allegations within Plaintiffs' Complaint against PublicNSA. Any omission of a particular aspect of the referenced argument or cited case law, for example, does not constitute a waiver of any portion of the argument.

## III.    FACTUAL BACKGROUND

### A.    Daniel's Law.

Plaintiffs' Complaint is brought pursuant to the civil provisions of Daniel's Law, N.J.S.A. § 56:8-166.1. Daniel's Law was enacted to permit certain government officials to limit the disclosure of their "unpublished" home phone numbers and "home" addresses (the "Protected Information"). Compl. ¶ 1. Daniel's Law applies only to those government officials who qualify as "covered persons," defined by the statute as "[a]n active, formerly active, or retired judicial officer, law enforcement

officer, or child protective investigator…or prosector, any immediate family member residing in the same household as such judicial officer, law enforcement officer, child protective investigator…or prosecutor." N.J.S.A. § 56:8-166.1(d).

Daniel's Law only permits "an authorized person" to "seek[] to prohibit the disclosure" of the Protected Information of a "covered person." N.J.S.A. § 56:8-166.1(a)(2) (an "authorized person…shall provide written notice to the person from whom the authorized person is seeking nondisclosure"). An "authorized person" is either a covered person or an individual expressly authorized under Daniel's Law to act on a covered person's behalf. *See* N.J.S.A. § 56:8-166.1(d).[1] An alleged "assignee," like Atlas Data Privacy Corp. ("Atlas") is not one of the statute's enumerated "authorized persons." *Id.*

Under Daniel's Law, the recipient of an aforementioned written notice must "not disclose or re-disclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person." N.J.S.A. § 56:8-166.1(a)(1). "Disclose" is defined as "to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available

---

[1] Daniel's Law defines an "authorized person" as a "covered person" or someone expressly identified in N.J.S.A. § 56:8-166.1(d)(1)-(3), who is acting on a covered person's behalf. N.J.S.A. § 56:8-166.1(d).

or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed." N.J.S.A. § 56:8-166.1(d).

Daniel's Law is silent as to how a written takedown notice must be transmitted, but it is clear that it must be <u>received</u> by the party from whom nondisclosure is sought because the compliance period begins to run "10 business days following <u>receipt</u> of a written notice." N.J.S.A. § 56:8-166.1(a)(1) (emphasis added).

Only if the recipient of a written takedown notice fails to comply with the statute does Daniel's Law permit a covered person, or their "assignee" as defined in N.J.S.A. § 56:8-166.1(d), to pursue a civil action, in which the "court shall award" "actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act," "punitive damages," "reasonable attorney's fees and other litigation costs," and "any other preliminary or equitable relief as the court determines to be appropriate." N.J.S.A. § 56:8-166.1(b)-(c).

**B.    The Parties, the Atlas Platform, and AtlasMail.**

Plaintiffs include Atlas, which is a purported assignee of thousands of alleged covered persons not identified in the Complaint, as well as three named individual plaintiffs, Scott Maloney, Justyna Maloney, and Peter Andreyev (together, the "Individual Plaintiffs"). Compl. ¶¶ 18, 22, 24. Atlas claims to be the "assignee" of approximately 18,867 unidentified "covered persons," "including a significant

number of individuals who are family members of judges, law enforcement officers, and prosecutors." *Id.* ¶ 24. As referenced in the 12(b)(6) Brief, Atlas has filed similar (if not identical) complaints against dozens of businesses of different sizes and composition across a wide variety of industries, now including PublicNSA. *See* 12(b)(6) Brief, pp. 8-9.

Atlas is a Delaware corporation that purports to provide "an online platform, including an email service named AtlasMail, to law enforcement officers, prosecutors, judges, and other Covered Persons." Compl. ¶ 30. According to the Complaint, a user registers for Atlas's services, is asked a series of questions to collect required personal information and "qualify his or her eligibility under Daniel's Law" and is then "shown a page explaining how the Atlas platform works." *Id.* ¶¶ 30-31. Each user then receives a unique AtlasMail inbox address. *Id.* ¶ 32. The Complaint further discusses how AtlasMail "works." *Id.* ¶¶ 33-35.

### 1. Atlas's Terms of Service

PublicNSA references and incorporates the 12(b)(6) Brief's discussion of Atlas's Daniel's Law Service Terms (the "Service Terms") and the Declaration of Angelo A. Stio III dated March 18, 2025 submitted therewith. *See* 12(b)(6) Brief, pp. 10-13. To summarize, users are required to accept these terms to access Atlas's online platform. But the terms make clear Atlas does not verify whether a user is in fact a "covered person." *See* 12(b)(6) Brief, p. 11. The Service Terms also state "the

Atlas platform will schedule the delivery dates of your takedown notices based on a variety of factors," that Atlas determines "the desirability of batching notices for administrative purposes or to realize efficiencies in notification and delivery," and that users can elect to send notices at a time of their own choosing. *See id.* As was the case for the Other Daniel's Law Defendants, automated takedown notices are referenced in the Complaint against PublicNSA. Compl. ¶¶ 52-53 (including image of notice from Plaintiff Justyna Maloney). Yet the Service Terms state that the Atlas user, not Atlas, is "the sender." *See* 12(b)(6) Brief, pp. 11-12.

Similar to the complaints against Other Daniel's Law Defendants referenced in the 12(b)(6) Brief, the takedown notice in the Complaint against PublicNSA is in the form of an email directed  at a general email box, here "privacy@bigdbm.com." Compl. ¶ 53. That email also contains no verifying information about the purported covered person, instead asserting the identical legal conclusions. *See* 12(b)(6) Brief, p. 12:

**Data Subject Request – Redaction/nondisclosure Request**

| | |
|---|---|
| From | Justyna Maloney <████████████@atlasmail.com> |
| To | privacy@bigdbm.com |
| Date | Fri, Jan 5, 2024 6:40 AM UTC-0500 |

BIGDBM
January 5, 2024

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:

Name: Justyna A Maloney
Other Names or Variants (by which I am known or may be identified): ███████████████

Home Address: ████████████████████████

Sincerely,
Justyna Maloney

Atlas's Service Terms further acknowledge that "some recipients of takedown notices may not possess some or all of the information in your notice prior to receipt of your takedown notice." *See* 12(b)(6) Brief, p. 12. They also note Atlas cannot guarantee and does not represent any "parties will accept takedown notices delivered to such email addresses *or that the email addresses selected by Atlas are correct.*" *Id.*, pp. 12-13.

The Service Terms also address how Atlas allegedly obtained the mass assignment of claims from covered persons. These individuals would have authorized Atlas to send each covered person a written notice that "trigger[s] and confirm[s]" their legal assignment to Atlas or an affiliate of Atlas of that covered person's right to bring a civil enforcement action related to any of the "opt-out

requests." *See* 12(b)(6) Brief, p. 13. Upon receipt of such an assignment confirmation, the covered person is deemed "to have irrevocably assigned to [Atlas] all of your rights to bring a claim (and seek damages, other legal remedies, and fees, costs, and litigation expenses) for violations of your rights under the Act with respect to the opt-out requests covered by the Assignment Confirmation." *See id.*

**2.**    *Omissions in Complaint Regarding Notices Sent to PublicNSA.*

The Complaint alleges that Atlas sent several thousands requests to PublicNSA "[s]tarting on or about January 4, 2024" via AtlasMail domains. Compl. ¶¶ 52-53. Like the complaints against the Other Daniel's Law Defendants referenced in the 12(b)(6) Brief, the Complaint against PublicNSA contains several omissions, which are repeated and incorporated here:

1. The Complaint does not allege PublicNSA actually received the takedown notices, or how many were received.

2. The Complaint does not allege when the statutory period for compliance began to run or expired as to either the Individual Plaintiffs or the assignors.

3. The Complaint does not allege what Protected Information PublicNSA possessed before a takedown notice was sent, or the Protected Information that PublicNSA allegedly possessed and disclosed or made available after the unidentified statutory compliance period expired.

4. The Complaint fails to allege PublicNSA acted negligently under the circumstances in which the purported notices of nondisclosure were sent.

5. The Complaint contains no plausible allegations to identify the assignors other than a conclusory assertion that the assignors are all covered persons under Daniel's Law.

6. The Complaint fails to allege actual damages to support a claim for liquidated damages.

7. The Complaint provide no factual bases for supporting the claim for "injunctive" relief.

### C.    Facts Relevant to Personal Jurisdiction.

Defendant is a Florida limited liability company with its principal place of business there. Compl. ¶ 38. It has no offices, employees, bank accounts, or financial assets located in New Jersey. *See* Declaration of Bradley Mack ("Mack Decl."), attached as **Exhibit 1**, ¶ 5. PublicNSA does not direct its marketing or business activities to New Jersey or its residents in any particular way. *See id.*, ¶ 6. Rather, only 4 of 165 (2.42%) historical customers of PublicNSA were or are based in New Jersey, including no active engagements at the time of the January 2024 events alleged in the Complaint. *See id.*, ¶¶ 7-8.

## IV.    <u>LEGAL STANDARD</u>

### A.    Standard of Review for Motion to Dismiss.

To survive a motion to dismiss under Rule 12(b)(6), a complaint requires factual matter that, if accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Such plead facts must "raise a reasonable

expectation that discovery will reveal evidence" of the "necessary elements" of the claim. *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Nor must a court accept "conclusory" or "bare-bones" allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Threadbare causes of actions and legal conclusions may be disregarded and dismissed. *See Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021).

Compliance with Rule 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). A pleading with mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must instead "identif[y] discrete defendants and the actions taken by these defendants" with respect to a plaintiff's claims. *Garrett v. Wexford Health*, 938 F.3d 69, 94 (3d Cir. 2019).

### B. Standard for Motion to Dismiss for Lack of Personal Jurisdiction

As noted in Personal Jurisdiction Argument as identified above, which PublicNSA incorporates herein, the Honorable Harvey Bartle, III, U.S.D.J, had identified the appropriate legal standard governing motions to dismiss under Rule

12(b)(2) for lack of personal jurisdiction. *See Lohr v. Kimmel & Silverman, P.C.*, No. 10-cv-5857, 2011 WL 1603567, at *1 (E.D. Pa. Apr. 28, 2011). It is the plaintiff who bears the burden of demonstrating that personal jurisdiction exists by establishing "a prime facie case." *Id.* (citing *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007); *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)). Notwithstanding, a plaintiff must allege "specific facts" and not merely "vague or conclusory assertions." *Id.* (citing *Marten*, 499 F.3d at 298).

## V.  <u>ARGUMENT</u>

### A.  Daniel's Law is Facially Unconstitutional and Violates the First Amendment.

PublicNSA incorporates, adopts, and joins the arguments raised by the Other Daniel's Law Defendants in the First Amendment Brief referenced above. PublicNSA further adopts the arguments raised in the currently pending First Amendment Appeal before the Third Circuit.

As stated in more detail therein, Daniel's Law is violative of the First Amendment because it imposes content-based restrictions on protected speech, such that it is susceptible to strict scrutiny. *See* First Amendment Brief, pp. 2-3, 21-25. Daniel's Law does not survive strict scrutiny because it is not narrowly tailored to the state interest it is intended to serve. *See id.*, pp. 2, 25-42. Even under an intermediate-scrutiny standard, Daniel's Law fails because it is not reasonably tailored to the state's interest. *See id.*, pp. 2-3, 43-45. Furthermore, Daniel's Law is

unconstitutionally vague because it fails to provide sufficient notice of what it prohibits and thus invites arbitrary enforcement. *See id.*, pp. 3, 45-49. PublicNSA, like the other defendants who filed the First Amendment Brief, requests the Court order Daniel's Law invalidated and dismiss Plaintiffs' claims with prejudice. *See id.*, p. 3.

**B.    Daniel's Law Also Violates PublicNSA's Fourteenth Amendment Rights.**

PublicNSA also incorporates, adopts, and joins the arguments raised by Delvepoint, LLC in the Fourteenth Amendment Brief and Fourteenth Amendment Appellate Petition. Specifically, PublicNSA asserts that any alleged collection and dissemination of information to third parties constitutes "commercial speech" under the First Amendment, which Daniel's Law improperly restrains. *See* Fourteenth Amendment Brief, pp. 7-8. Accordingly, Daniel's Law also improperly infringes upon PublicNSA's due process rights under the Fourteenth Amendment because the restrictions on commercial speech created by Daniel's Law are "more extensive than necessary" to serve New Jersey's interests to protect "covered persons," as defined. *See id.*, pp. 8-11. As further argued therein, other available options more adequately address New Jersey's concerns that are less intrusive to PublicNSA's First Amendment rights. *See id.*, pp. 11-12.

Daniel's Law's also violates due process rights because it lacks a verification mechanism by which a defendant like PublicNSA can certify that individuals

submitting written requests are actually "covered persons" and protected. *See* Fourteenth Amendment Brief, pp. 12-14. Accordingly, PublicNSA requests the Court invalidate Daniel's Law.

### C. The Court Lacks Personal Jurisdiction Over PublicNSA.

PublicNSA incorporates (and briefly summarizes below) the arguments raised in the Personal Jurisdiction Argument by other defendants facing similar Daniel's Law claims, including the discussion general vs. specific jurisdiction, both of which may be used to establish personal jurisdiction over a defendant. *See* Personal Jurisdiction Argument, p. 9 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

#### 1. *The Court Lacks General Jurisdiction Over PublicNSA*.

The Supreme Court has held that general jurisdiction arises over a corporate defendant only in "its place of incorporation and principal place of business." *See* Personal Jurisdiction Argument, p. 9 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)). Additionally, general jurisdiction can be established where a defendant's activities are "so continuous and systematic as to render it essentially at home" in that forum state. *Id.* (quoting *Daimler AG v. Bauman*, 517 U.S. 117, 119 (2014)). This standard also applies to limited liability companies like PublicNSA. *Id.* (quoting *Griggs v. Swift Transp. Co.*, No. 17-cv-13480, 2018 WL 3966304, at *2 (D.N.J. Aug. 17, 2018). Accordingly, a limited

liability company's citizenship is the state(s) where its principal place of business is and where it is formed. *Id.* (quoting *Rivera v. Loto Grp., LLC*, No. 20-cv-4062, 2020 WL 7384720, at *1 (D.N.J. Dec. 16, 2020) (internal citation omitted).

Here, as Plaintiffs acknowledge, PublicNSA is registered in and has its principal place of business in Florida. Compl. ¶ 38. Accordingly, its citizenship is in Florida. *See Rivera*, 2020 WL 7384720, at *1. PublicNSA also does not have any "continuous and systematic" contacts with New Jersey to create general jurisdiction. *See* Mack Decl., ¶¶ 4-8; *see also Daimler AG*, 517 U.S. at 119. It has no offices, employees, or financial assets within New Jersey. *See id.*, ¶ 5; *See* Personal Jurisdiction Argument, p. 10 (citing *e.g., Brand Strategy v. CAC Projects*, No. 23-cv-748, 2023 WL 4688086, at *4 (D.N.J. July 5, 2023)). Accordingly, the Court lacks general personal jurisdiction over PublicNSA.

### 2. *The Court Lacks Specific Jurisdiction Over PublicNSA*.

Generally, specific jurisdiction "exists when [a] defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Miller Yacht Sales*, 384 F.3d at 96 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Even if the "purposeful availment" and "relationship" elements are met, the exercise of jurisdiction must still "'comport[] with fair play and substantial justice.'" *Id.* (citing *Burger King*, 471 U.S. at 476).

Plaintiffs' Complaint fails to allege facts indicating PublicNSA has purposefully availed itself of conducting activity in New Jersey, just as raised in the Personal Jurisdiction Argument by the Other Daniel's Law defendants. The Complaint against Public NSA states, in a wholly conclusory manner, that PublicNSA "transacts business within the State of New Jersey." Compl. ¶ 38. But it fails to describe with any particularity the business PublicNSA conducts, instead categorizing it throughout the Complaint solely as a "data broker." The Complaint only alleges PublicNSA "discloses or re-discloses on the Internet or otherwise makes available the home address and/or unpublished home telephone numbers of Covered Persons." *Id*. The only allegations related to any activity in New Jersey are that PublicNSA purportedly "offer[s] and engage[s] in the disclosure of data and information through "one or more websites, applications, or mailing lists, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey." *Id*. ¶ 40.

Through use of these cookie-cutter allegations, the same rationale raised in the Personal Jurisdiction Argument by other defendants applies to PublicNSA, and the Court does not have specific jurisdiction. *See* Personal Jurisdiction Argument, pp. 11-14. This includes that PublicNSA's operation of a web site[2], even if accessible

---

[2] Plaintiffs allege Defendant operates bigdbm.com. Compl., ¶ 40.

18

in New Jersey, does not subject it to specific jurisdiction "anywhere in the world" absent additional evidence that PublicNSA purposefully availed itself of conducting activity in New Jersey. *See id.*, p. 11 (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003)); *see also S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*, 79 F. Supp. 2d 537, 540-41 (E.D. Pa. 1999). Also insufficient to confer nationwide personal jurisdiction are the posting of information on a website and a "basic awareness that residents of a specific forum" use a website. *See id.* (citing *Remick v. Manfredy*, 238 F.3d 248, 259 n.3 (3d Cir. 2001)); quoting *M.H. & J.H. v. Omegle.com, LLC*, No. 20-cv-11294-KM-JBC, 2021 WL 1050234, at *3 (D.N.J. Mar. 19, 2021)). Rather, that website must target the users in that forum. *See id.* (citing *Omegle.com*, 2021 WL 1050234, at *3).

Here, there are no such allegations that PublicNSA targets users in New Jersey. As the Personal Jurisdiction Argument states, district judges within the Third Circuit, including the Honorable Judge Bartle, have repeatedly declined to find jurisdiction based on website activity not purposefully targeted at the forum state. *See* Personal Jurisdiction Argument, pp. 11-12 (citing *Hankins v. Doubletree Mgmt., LLC*, No. 19-cv-8698, 2022 WL 30133089, at *4 (D.N.J. July 29, 2022); *Oyebanji v. Palmetto Vacation Rentals, LLC*, No. 20-cv-8983, 2021 WL 3732883, at *3 (D.N.J. Aug. 20, 2021); *Omegle.com*, 2021 WL 1050234, at *3; *Hurley v. Cancun Playa Oasis Int'l*, No. 99-cv-574, 1999 WL 718556, at *3 (E.D. Pa. Aug. 31, 1999)

19

(Bartle, J.)). Here, PublicNSA's website is not operated within New Jersey and does not target New Jersey individuals or businesses. Plaintiffs make no such allegation, and a review of the website, which URL is alleged in the Complaint, make that clear.

No other connection to New Jersey is alleged in the Complaint because there is none. As referenced above, PublicNSA is neither incorporated nor headquartered in New Jersey. *See* Mack Dec., ¶ X.  It has no physical presence, employees, bank accounts, or financial assets in New Jersey. *See id.*, ¶ X. PublicNSA does not direct marketing or business activities to New Jersey or its residents in any particular way. *See id.*, ¶ X. Rather, only 2.42% of its historical customers were based in New Jersey, including no active engagements at the time of the January 2024 events alleged in the Complaint. Accordingly, the Court should decline to find personal jurisdiction as to PublicNSA.

### D.    The Complaint Fails to State a Claim.

If the Court does not dismiss Plaintiffs' Complaint against PublicNSA for the reasons above, it should dismiss for Plaintiffs' failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). There are multiple reasons for which dismissal is required, which were also raised in the Other Daniel's Law Defendants' briefing referenced above and incorporated herein as cited below.

### 1.    *Daniel's Law Does Not Apply Extraterritorially to PublicNSA.*

As discussed above, Plaintiffs' claims against PublicNSA is stated solely under Daniel's Law, a New Jersey statute. But the claim fails because it is based on conduct alleged to have occurred outside of New Jersey. As the Extraterritoriality Argument, which is incorporated herein, articulates, New Jersey law regulates conduct in New Jersey, not outside of it, and courts have consistently applied this rule. *See* Extraterritoriality Argument, p. 14 (quoting *Peikin v. Kimmel & Silverman, P.C.*, 576 F. Supp. 2d 654, 657-68 (D.N.J. Aug. 21, 2008); collecting cases). Plaintiffs' application of Daniel's Law would apply the statute to any person or entity that posts information on the Internet, regardless of location. Such an application would run counter to the New Jersey Supreme Court's prior holdings, as well as that of other jurisdictions' courts. *See id.*, pp. 15-16 (quoting *Rybasack v. Travelers Ins. Co.*, 190 A. 308, 310 (1937); collecting cases).

Here, just as the Other Daniel's Law Defendants identified, Plaintiffs allege no conduct by PublicNSA within New Jersey that forms the basis of their claim. *See* Extraterritoriality Argument, p. 16 (citing *Echavarria v. Williams Sonoma, Inc.*, No. 15-cv-641, 2016 WL 1047225, at *9 (D.N.J. Mar. 16, 2016)). Like the Other Daniel's Law Defendants, there is no allegation PublicNSA disclosed any covered persons' information while in New Jersey. As addressed above, this is because PublicNSA has no presence or employees in New Jersey. *See* Mack Decl., ¶¶ 4-8.

21

Accordingly, Daniel's Law cannot apply to PublicNSA and the Complaint should be dismissed.

###   2.    *Plaintiffs' Claims are Barred by the Communications Decency Act.*

PublicNSA adopts and references the Communications Decency Act Argument, and argues Plaintiffs are barred from attempting to regulate a defendant's publication of third-party information on the Internet by 47 U.S.C. § 230. *See* Communications Decency Argument, p. 18. The CDA preempts any state law contrary to its statement that "[n]o provider or user" of "an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." *See id.*; f As noted, the CDA's language has been interpreted to create federal immunity for service providers against claims seeking to hold them liable for publishing information on the internet originating from a third party. *See id.*, pp. 18-19 (citations omitted).

As discussed in the Communications Decency Act Argument, PublicNSA also satisfies the three prong test identified. *See* Communications Decency Act Argument, p. 19. First, PublicNSA is an "information service, system, or access software provider that provides or enables computer access by multiple users to a computer service, including specifically a service or system that provides access to the Internet[.]" *See id.* (citing 47 U.S.C. § 230(f)(2). Plaintiffs do not contest this,

alleging in the Complaint that PublicNSA "discloses or re-discloses [information] on the Internet." *See id*, pp. 19-20; Compl. ¶ 38.

Plaintiffs' claims also treat PublicNSA as a publisher or speaker of information because they are premised on PublicNSA publishing and not withdrawing information of covered persons. *See* Communications Decency Act Argument, p. 20 (citations omitted); Compl. ¶¶ 28, 54, 63. And lastly, the communication being challenged is provided by another information content provider. *See* Communications Decency Act Argument, p. 20 (citing *Obado v. Magedson*, No. 13-cv-2382, 2014 WL 3778261, at *3 (D.N.J. July 31, 2014)). Plaintiffs do not allege PublicNSA is the author of any content. *See id.* As the Communications Decency Act Argument states, by definition, none of the challenged information could have been "originated" by PublicNSA because they are home addresses and telephone numbers. *See* Communications Decency Act Argument, p. 21. For the reasons stated within the Communications Decency Act Argument, Plaintiffs' Complaint should be dismissed.

### 3. *The Complaint Does Not Plausibly Allege that Daniel's Law Applies to Its "Approximately 18,867" Purported "Assignors."*

The Complaint lacks adequate factual detail about the approximately 18,867 unidentified "assignors" of their rights under Daniel's Law to Atlas, including any allegations that substantiate these individuals' status as "covered persons." *See* 12(b)(6) Brief, pp. 17-18. Similar to the complaints challenged in the 12(b)(6) Brief,

all that the Complaint here alleges is that "a significant number" are "family members of judges, law enforcement officers, and prosecutors." Compl. ¶ 24. The Complaint here similarly does not allege how any assignor qualifies as a covered person or what information they requested not be disclosed, which is insufficient. *See* 12(b)(6) Brief, p. 17 (citing *Progressive Spine & Orthopaedics, LLC v. Empire Blue Cross Blue Sheild*, No. 16-01649, 2017 WL 751851, at *5 (D.N.J. Feb. 27, 2017)). Moreover, Daniel's Law does not apply to all "family members," but only an "immediate family member" residing "in the same household as such judicial officer, law enforcement officer, child protective investigator in the Division of Child Protection and Permanency, or prosecutor." *See id.*, p. 18 (citing N.J.S.A.§ 56:8-166.1(d)). The Complaint similarly fails to set forth facts about whether the purported assignors to Atlas are "immediate" family members or reside in the same household of the pertinent public figure. Accordingly, as the 12(b)(6) Brief argued, the Complaint lacks well-pleaded factual allegations that Daniel's Law applies to any of the thousands of unnamed individuals and thus should be dismissed. *See* 12(b)(6) Brief, p. 18.

### 4.    *The Complaint Also Fails to Plausibly Allege Several Essential Elements of a Claim.*

PublicNSA further adopts the arguments raised in the 12(b)(6) Brief regarding Plaintiffs' allegations failure to meet the statutory elements of a claim under Daniel's

Law. *See* 12(b)(6) Brief, pp. 19-33. Those arguments apply with equal force to the Complaint against PublicNSA.

**(a)    Plaintiffs Fail to Plausibly Plead Takedown Notices Were Sent by Authorized Persons**.

Daniel's Law requires a written takedown notice to be "provided" by an "authorized person" N.J.S.A. § 56:8-166.1(a)(2). An "authorized person" must either be a "covered person" or satisfy other narrow exceptions not relevant here. *Id.* This requirement is mandatory. *See* 12(b)(6) Brief, p. 19 (citing *Me. Cmty. Health Options v. U.S.*, 590 U.S. 296, 310 (2020)). Here, the Complaint does not allege facts showing the Individual Plaintiffs or thousands of purported "covered person" assignors actually "provided notice" to PublicNSA as required under Daniel's Law. *See* N.J.S.A. § 166.1(a)(2). The Complaint's conclusory allegations that requests were sent using AtlasMail (Compl. ¶ 52) are belied by the Atlas Service Terms' own language that establishes that Atlas (and not the Individual Plaintiffs or assignors) provided the alleged notices to PublicNSA. *See* 12(b)(6) Brief, pp. 19-20. As discussed in the 12(b)(6) Brief, the Service Terms indicate Atlas creates the template for takedown notices and their contents, and makes decisions regarding where and when such notices are sent. *See id.* Atlas also unilaterally provides such notices in certain circumstances, including if a different email address for the intended recipient is identified. *See id.*, pp. 20-21. Thus, the Complaint's conclusory allegations that users of the Atlas platform "sent" the notices using AtlasMail is

contradicted by the Service Terms, which indicate Atlas controls the process of providing and sending them. *See id.*, p. 21. Accordingly, these notices that Atlas creates, batches, schedules, sends, or resends are invalid as a matter of law. *See id.* (citing N.J.S.A. § 56:8-166.1(a)(2)).

### (b) Plaintiffs' Takedown Notices Were Legally Deficient.

PublicNSA also adopts defendants' arguments in the 12(b)(6) Brief regarding the legal deficiency of the alleged takedown notices, including the requirement that under Daniel's Law, they must provide enough information for a defendant to have "knowledge of 'sufficient facts' to reasonably determine that disclosure 'was prohibited.'" *See* 12(b)(6) Brief, pp. 22-25. As was the case with the complaints challenged in the 12(b)(6) Brief, the exemplar email cited in the Complaint against PublicNSA does not constitute legally valid notice because it merely parrots Daniel's Law's requirements without providing notice that Plaintiff Maloney was an "authorized person" because it merely states a legal conclusion that she is "a 'Covered Person' as defined" by Daniel's Law. *See* 12(b)(6) Brief, p. 24; Compl. ¶ 53. It does not explain how she qualifies as a covered person and omits any mention of an employer or other identifying information that would permit PublicNSA to know or understand what to do in response. As the 12(b)(6) Brief notes, this is particularly necessary when Atlas's Service Terms admit Atlas does not even know whether its users qualify as "covered persons." *See* 12(b)(6) Brief, pp. 24-25.

**(c)     Plaintiffs Fail to Allege Receipt of the Takedown Notices.**

PublicNSA adopts defendants' arguments in the 12(b)(6) Brief that Plaintiffs failed to allege PublicNSA's receipt of the purported takedown notices. *See* 12(b)(6) Brief, pp. 25-27.   The requirement that any takedown notice be received by a defendant has been previously acknowledged by the Court. *See id.* p. 25 (citing *Atlas Data Privacy Corp. v. We Inform, LLC*, 758 F. Supp. 3d 322, 331  (D.N.J. 2024)); *see also* Compl. ¶¶ 10, 64. Here, the Complaint is devoid of plausible allegations that PublicNSA received any such takedown notice. It merely alleges "the Individual Plaintiffs and all of the Covered Persons…*sent* Defendants written nondisclosure requests (via email)." Compl. ¶ 52. As the 12(b)(6) Brief notes, this is insufficient when Atlas' Service Terms acknowledge Atlas does not know whether the email addresses to which it unilaterally directed thousands of notices are correct, and emails are not entitled to a "presumption of receipt." *See* 12(b)(6) Brief, pp. 26-27 (internal citations omitted).

**(d)     Plaintiffs Fail to Plausibly Allege PublicNSA Possessed Protected Information or Disclosed It After Receipt of a Takedown Request**.

The 12(b)(6) Brief also explains that Daniel's Law requires the recipient of a written takedown notice to actually possess the Protected Information, fail to cease the Protected Information's disclosure, and fail to remove it from the Internet or where it is otherwise made available within the ten-business-day statutory period

following receipt. *See* 12(b)(6) Brief, pp. 27-28 (citing N.J.S.A. § 56:8-166.1(a)(1)). Here, like the other complaints referenced in the 12(b)(6) Brief, the Complaint against PublicNSA does not allege it possessed an "unpublished" phone number or "home address" of a covered person at the time the alleged takedown notices were sent. Instead, Plaintiffs assume the Individual Plaintiffs and assignors' Protected Information were present within PublicNSA's database or systems without any supporting allegations. *See* 12(b)(6) Brief, p. 28. As the 12(b)(6) Brief also notes, Atlas's Service Terms acknowledge that takedown notices will be sent to entities without a covered person's Protected Information. *See id.* Thus, Plaintiffs apply the same improper group pleading tactics to the copycat Complaint against PublicNSA, which deprives it of the required notice of the basis of the thousands of claims referenced in the Complaint and violates Rule 8(a)(2). *See id.*, pp. 29-30 (citations omitted).

Similarly, as raised in the 12(b)(6) Brief, even if PublicNSA possessed a covered person's Protected Information, the Complaint lacks plausible factual allegations that PubicNSA "disclosed" it after the ten-business-day statutory compliance period. The Complaint again only contains conclusory allegations, also alleged in the boilerplate complaints challenged in the 12(b)(6) Brief, that such information "remains disclosed or otherwise made available." Compl. ¶ 55. These formulaic allegations also fail. *See* 12(b)(6) Brief, pp. 30-31.

**(e)    Plaintiffs Fail to Plead PublicNSA Acted in a "Negligent" Manner**.

PublicNSA adopts the argument within the 12(b)(6) Brief that Daniel's Law requires a plaintiff to act negligently. *See* 12(b)(6) Brief, pp. 31-32. Like the complaints challenged there, the Complaint against PublicNSA fails to plausibly allege its conduct was "negligent," even if it adequately alleges PublicNSA disclosed Protected Information after receiving valid takedown notices. *See id.*, p. 32. As also discussed within the 12(b)(6) Brief, the Complaint's fact pattern (nearly 19,000 near-identical requests sent en masse via unverified emails from the same email domain to an unspecified PublicNSA email address, and without information permitting PublicNSA to verify any covered person's identity or a mechanism or effort to confirm receipt) renders it "unreasonable or impossible…to meet the statutory 10 day take-down deadline." *See* 12(b)(6) Brief, p. 32 (citing *We Inform*¸ 758 F.3d at 341). The Complaint lacks any factual allegations suggesting PublicNSA "unreasonably disclosed or made available [the Protected Information] of covered persons after the statutory deadline expired." *See id.*, p. 33 (citing *We Inform*, 758 F.3d at 341).

###### 5.    *Plaintiffs Fail to Plausibly Plead Proximate Causation and Damages*.

Lastly, PublicNSA adopts the 12(b)(6) Brief's argument that Plaintiffs' conclusory allegations do not satisfy the causation and damages requirement, under Fed. R. Civ. P. 8. *See* 12(b)(6) Brief, p. 33-41.

*First*, Plaintiffs do not plausibly plead PublicNSA's alleged violations of Daniel's Law proximately caused them any injury, as required. *See* 12(b)(6) Brief, pp. 34-36. The Complaint contains no facts supporting allegations of "damages" suffered by Plaintiffs "as a result" of PublicNSA's conduct. *See id.*, p. 35; Compl. ¶ 65. As similarly stated within the brief, Plaintiffs do not allege any privacy harm as a result. *See id.*, p. 35. The lack of causal connection is fatal to Plaintiffs' claim. *See id.*, pp. 35-36 (citations omitted).

*Second*, Plaintiffs do not plausibly plead any of their claimed form of damages. *See* 12(b)(6) Brief, pp. 36-39. The Complaint has no allegations identifying any actual damages sustained, and the vague and boilerplate references to "privacy" and "safety" are insufficient. *See id.*, pp. 36-37 (citations omitted). Similarly, Plaintiffs' claims for liquidated damages fails because such would constitute a "penalty" in view of the lack of any damages actually sustained. *See id.*, pp. 37-38 (citations omitted). Without actual damage from the purported violation of Daniel's Law, Plaintiffs' request for liquidated damages is not reasonably related and thus invalid under New Jersey law. *See id.*

30

*Third*, Plaintiffs' demand for punitive damages based on PublicNSA's alleged "willful" non-compliance with Daniel's Law is not based on any plausible allegations. *See* 12(b)(6) Brief, p. 39. As referenced in the 12(b)(6) Brief, Plaintiffs solely allege a failure to process takedown requests within ten business days, but no other facts to support PublicNSA's "willful or reckless disregard of the law." *See id.*

### 6. The Court Should Strike Plaintiffs' Request for Injunctive Relief.

PublicNSA also adopts the 12(b)(6) Brief's request to strike the Complaint's vague request for "injunctive" relief. *See* 12(b)(6) Brief, pp. 40-41; Compl., ¶ 4. As the brief argues, the Complaint does not plausibly allege PublicNSA intended to engage in the challenged conduct in the future. *See* 12(b)(6) Brief, p. 40. Even a past violation of Daniel's Law would be insufficient to demonstrate PublicNSA's intent to do so in the future. *See id.* Plaintiffs' request for injunctive relief are also nothing more than improper "obey-the-law" injunctions, and should be stricken on those grounds as well. *See id.*, pp. 40-41 (citations omitted).

## VI.    CONCLUSION

For the reasons stated herein, Defendant PublicNSA, LLC, requests that the Court dismiss Plaintiffs' Complaint with negligence.

Dated: October 17, 2025          Respectfully submitted,

*/s/ Jordan S. O'Donnell*
Jordan S. O'Donnell
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Telephone: (267) 930-4106
jsodonnell@mullen.law

*Attorney for Defendant PublicNSA, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 17, 2025, a copy of this motion was filed electronically and served on all counsel of record through the electronic filing system.

*/s/ Jordan S. O'Donnell*
Jordan S. O'Donnell