Jordan S. O'Donnell
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333

*Attorneys for Defendant PublicNSA, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ATLAS DATA PRIVACY CORPORATION,** *as assignee of individuals who are Covered Persons*, **JANE DOE-1,** *a law enforcement officer*, **JANE DOE-2,** *a law enforcement officer*, **EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**PUBLICNSA, LLC, RICHARD DOES 1-10,** *fictitious names of unknown individuals* **and ABC COMPANIES 1-10,** *fictitious names of unknown entities*,<br><br>**Defendants.** | CASE NO. 1:25-CV-05989-HB |

## DEFENDANT PUBLICNSA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant PublicNSA, LLC ("PublicNSA" or "Defendant"), by and through its attorneys, submits its Answer to the Complaint of Plaintiffs Atlas Data Privacy Corporation ("Atlas"), Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, and Peter Andreyev (together, "Plaintiffs") as follows:

### INTRODUCTION

1.     To the extent the allegations in Paragraph 1 pertain to written documents, they speak for themselves. To the extent the allegations in Paragraph 1 constitute legal conclusions, no

response is required. To the extent a response is required, PublicNSA denies the allegations in Paragraph 1.

2.      PublicNSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 regarding the purpose or motivation of Plaintiffs' Complaint. To the extent the allegations in Paragraph 2 constitute legal conclusions, no response is required. PublicNSA otherwise denies the remaining allegations in Paragraph 2.

3.      PublicNSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 regarding the Legislature or Governor's beliefs. To the extent the allegations in Paragraph 3 constitute legal conclusions or statements of law, no response is required. PublicNSA otherwise denies the allegations in Paragraph 3 to the extent that they refer to PublicNSA

4.      PublicNSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 regarding the purpose or motivation of Plaintiffs' Complaint. To the extent that the allegations in Paragraph 4 constitute legal conclusions, no response is required.  PublicNSA otherwise denies the allegations in Paragraph 4, including to the extent it alleges PublicNSA has violated Daniel's Law or any other statute or regulation.

## BACKGROUND

5.      PublicNSA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6.      PublicNSA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7.      PublicNSA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

8.       PublicNSA admits that the New Jersey Legislature passed Daniel's Law as codified. To the extent the allegations in Paragraph 8 constitute legal conclusions or statements of law, no response is required. To the extent the allegations refer to written documents, including statutory text, they speaks for themselves. To the extent a response is required, PublicNSA denies the allegations in Paragraph.

9.       To the extent that the allegations in Paragraph 9 constitute legal conclusions or statements of law, no response is required.  Defendant denies the allegations in Paragraph 9 to the extent that they contradict, misstate, or are inconsistent with the cited statute's plain text, legislative history, or judicial interpretations.

10.      To the extent that the allegations in Paragraph 10 constitute legal conclusions or statements of law, no response is required. To the extent a response is required, PublicNSA denies the allegations in Paragraph 10.

11.      To the extent that the allegations in Paragraph 11 constitute legal conclusions or statements of law, no response is required. To the extent the allegations refer to written documents or statutory text, they speak for themselves. PublicNSA is otherwise without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 11 regarding the New Jersey Legislature's intentions.

12.      To the extent that the allegations in Paragraph 12 constitute legal conclusions or statements of law, no response is required. To the extent the allegations refer to written documents or statements of federal judges, including Chief Justice Roberts, they speak for themselves. PublicNSA is otherwise without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 12 regarding the actions, statements, or beliefs of federal judges.

13. To the extent that the allegations in Paragraph 13 constitute legal conclusions or statements of law, no response is required. To the extent the allegations refer to written documents, they speak for themselves. PublicNSA is otherwise without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 13 regarding the proposed bill's support.

14. To the extent the allegations in Paragraph 14 refer to written documents, they speak for themselves. PublicNSA is otherwise without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 14.

15. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 15.

16. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 16.

17. To the extent that the allegations in Paragraph 17 constitute legal conclusions, no response is required. PublicNSA is otherwise without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 17.

18. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 18.

19. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 19.

20. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 20.

21. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 21.

22.    PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 22.

23.    PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 23.

24.    To the extent the allegations in Paragraph 24 constitute legal conclusions or statements of law, no response is required. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 24 regarding for whom Atlas purports to assert claims. PublicNSA denies that it violated Daniel's Law.

25.    To the extent the allegations in Paragraph 25 constitute legal conclusions or statements of law, no response is required. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 25 regarding the individuals for whom Atlas purports to assert claims and whether they are "Covered Persons."

26.    To the extent the allegations in Paragraph 26 constitute legal conclusions or statements of law, no response is required. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 26 regarding the individuals for whom Atlas purports to assert claims and whether they are "Covered Persons." PublicNSA otherwise denies that it has violated Daniel's Law and that such individuals have claims against PublicNSA thereunder.

27.    PublicNSA admits that it has received requests from certain persons that personal information not be disclosed or made available. PublicNSA otherwise denies the allegations in Paragraph 27, and denies that it violated Daniel's Law, or any other statute or regulation.

28.    PublicNSA denies the allegations in Paragraph 28.

29. To the extent the allegations in Paragraph 29 constitute legal conclusions, no response is required. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 29 regarding the actions of the individuals identified as "Covered Persons." PublicNSA otherwise denies the allegations in Paragraph 29.

30. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 30.

31. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 31.

32. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 32.

33. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 33.

34. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 34.

35. To the extent the allegations in Paragraph 35 constitute legal conclusions or statements of law, no response is required. PublicNSA is otherwise without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 35 regarding the intention of Atlas. PublicNSA otherwise denies the allegations in Paragraph 35, including that it violated Daniel's Law, or any other statute or regulation.

36. To the extent the allegations in Paragraph 36 constitute legal conclusions or statements of law, no response is required. PublicNSA is otherwise without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 36 regarding Atlas' decision making or future willingness to work with the Court or PublicNSA. PublicNSA otherwise denies

the allegations in Paragraph 36, including that it violated Daniel's Law, or any other statute or regulation.

37. Defendant admits that the Court has entered a Protective Order in this case.

38. PublicNSA admits it is a Florida corporation with the identified principal place of business. PublicNSA otherwise denies the allegations in Paragraph 38.

39. PublicNSA is without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 39.

40. PublicNSA admits that it provides data and information to businesses, including those that may operate or reside in New Jersey. PublicNSA denies that it discloses data or information through its website, including bigdbm.com, applications, or mailing lists.

41. PublicNSA denies the allegations in Paragraph 41.

42. To the extent the allegations in Paragraph 42 constitute legal conclusions or statements of law, no response is required. PublicNSA is otherwise without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 42. To the extent a response is required, PublicNSA denies the allegations in Paragraph 42.

## JURISDICTION AND VENUE

43. PublicNSA denies the allegations in  Paragraph 43.

44. PublicNSA denies the allegations in  Paragraph 44.

## FACTS COMMON TO ALL COUNTS

45. To the extent that the allegations in Paragraph 45 refer to written documents, including legislative history, they speak for themselves.

46.     To the extent the allegations in Paragraph 46 constitute legal conclusions or statements of law, no response is required. PublicNSA otherwise denies the allegations in Paragraph 46.

47.     To the extent the allegations in Paragraph 47 constitute legal conclusions or statements of law, no response is required. To the extent the allegations pertain to written documents or statutory text, they speak for themselves. PublicNSA otherwise denies the allegations in Paragraph 47.

48.     To the extent the allegations in Paragraph 48 constitute legal conclusions or statements of law, no response is required. To the extent the allegations pertain to written documents or statutory text, they speak for themselves. PublicNSA otherwise denies the allegations in Paragraph 48.

49.     To the extent that the allegations in Paragraph 49 refer to written documents, including legislative history, they speak for themselves. PublicNSA is otherwise without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 49.

50.     To the extent the allegations in Paragraph 50 constitute legal conclusions or statements of law, no response is required. To the extent the allegations pertain to written documents or statutory text, they speak for themselves.

51.     To the extent the allegations in Paragraph 51 pertain to written documents or statutory text, they speak for themselves.

52.     To the extent the allegations in Paragraph 52 constitute legal conclusions, no response is required. PublicNSA admits that it received requests from individuals that personal information not be disclosed or made available. PublicNSA otherwise denies the allegations in Paragraph 52.

53.     To the extent the allegations in Paragraph 53 pertain to written documents, they speak for themselves. PublicNSA otherwise denies the allegations in Paragraph 53.

54.     PublicNSA denies the allegations in Paragraph 54.

55.     PublicNSA denies the allegations in Paragraph 55.

56.     To the extent the allegations in Paragraph 56 constitute legal conclusions or statements of law, no response is required. PublicNSA is otherwise without sufficient information or belief to form a belief as to the truth of the allegations in Paragraph 56 regarding the actions of the individuals identified as "Covered Persons." PublicNSA otherwise denies the allegations in Paragraph 56.

57.     PublicNSA admits that it has received information from Plaintiff regarding purported assignors. PublicNSA otherwise denies the allegations in Paragraph 57.

58.     To the extent the allegations in Paragraph 58 constitute legal conclusions or statements of law, no response is required. PublicNSA otherwise denies the allegations in Paragraph 58, including that it has violated Daniel's Law, or any other statute or regulation.

## COUNT ONE

### (Daniel's Law)

59.     PublicNSA restates and incorporates by references its responses to Paragraphs 1 through 58, above.

60.     PublicNSA denies the allegations in Paragraph 60.

61.     To the extent the allegations in Paragraph 61 constitute legal conclusions, no response is required. PublicNSA otherwise denies the allegations in Paragraph 61.

62.     PublicNSA denies the allegations in Paragraph 62.

63.     PublicNSA denies the allegations in Paragraph 63.

64. PublicNSA denies the allegations in Paragraph 64.

65. PublicNSA denies the allegations in Paragraph 65.

## PLAINTIFFS' PRAYER FOR RELIEF

PublicNSA denies that Plaintiffs are entitled to the requested forms, or any, relief.

## AFFIRMATIVE DEFENSES

Defendant PublicNSA asserts the following affirmative defenses to Plaintiffs' Complaint and reserves the right to raise additional defenses as appropriate.

### First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they have failed to state a claim for which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring their claims.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because this Court lacks personal jurisdiction over their claims.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Daniel's Law facially violates the United States and/or New Jersey Constitutions, as would its application against PublicNSA under the facts of this case.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because because Daniel's Law does not

Apply extraterritorially.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Defendant has, at all times, acted in good faith and remained compliant with Daniel's Law.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Atlas is not a proper assignee under Daniel's Law due to one or more invalid assignments.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, laches, and/or estoppel.

### Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands because, among other things, Atlas knowingly sent alleged takedown requests at a time and in a manner that intended to manufacture noncompliance.

### Tenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' actions constituted entrapment or attempted entrapment by sending notices in a burdensome manner and refusing or failing to respond to PublicNSA's communications regarding the notice.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they have not suffered damages due to PublicNSA's conduct.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they have failed to mitigate their damages.

### Thirteenth Affirmative Defense

Plaintiffs' claim for liquidated damages fail because they do not reasonably relate to any claimed actual damages, and would constitute an impermissible penalty.

### Fourteenth Affirmative Defense

Plaintiffs' claim for punitive damages fails because the Plaintiffs' Complaint states no facts in support of a claim for punitive damages.

### Fifteenth Affirmative Defense

Plaintiffs' claim for injunctive relief fail to the extent that they have not alleged any facts showing the need for such relief, including as to Atlas, which is not a Covered Person or Assignee.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the alleged damages sustained by Plaintiffs, if any, were caused by the conduct of third parties over whom PublicNSA had no control.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they have not suffered any damages proximately caused by any action or inaction of PublicNSA.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they did not comply with the obligations of Daniel's Law to trigger any obligations by PublicNSA under Daniel's Law.

### Nineteenth Affirmative Defense

To the extent PublicNSA is found liable to Plaintiffs, it is entitled to equitable indemnification from Plaintiffs.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the claims are frivolous.

### Twenty-First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they have failed to allege that PublicNSA acted negligently.

### Twenty-Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they have failed to allege PublicNSA owed any duty to Plaintiffs, or that it breached any such duty.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant PublicNSA prays this Court to:

1.  Dismiss Plaintiff's Complaint, with prejudice;

2.  Find that PublicNSA was compliant with Daniel's Law; and

3.  Award PublicNSA other relief, including attorneys' fees and costs, as the Court deems just and proper.

### CERTIFICATION PURSUANT TO L.R. 11.2

I hereby certify that to my knowledge, the matter in controversy is not the subject of any other action in any court or other pending arbitration or administrative proceeding. I have no knowledge at this time of the names of any other party who should be joined in this action.

Dated: May 11, 2026                         Respectfully submitted,

                                            */s/ Jordan S. O'Donnell*
                                            Jordan S. O'Donnell
                                            **MULLEN COUGHLIN LLC**
                                            426 W. Lancaster Avenue, Suite 200
                                            Devon, PA 19333
                                            Telephone: (267) 930-4106
                                            jsodonnell@mullen.law

                                            *Attorney for Defendant PublicNSA, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2026, I filed an electronic copy of the foregoing Defendant Public NSA, LLC's Answer to Plaintiffs' Complaint and Affirmative Defenses, and caused service of a true and correct copy via CM/ECF on all counsel of record.

                                            */s/ Jordan S. O'Donnell*
                                            Jordan S. O'Donnell

Dated:  May 11, 2026