MULLEN COUGHLIN LLC
ATTORNEYS AT LAW

Jordan O'Donnell
Office: (267) 930-4106
Fax: (267) 930-4771
Email: jsodonnell@mullen.law

426 W. Lancaster Avenue, Suite 200
Devon, PA 19333

November 18, 2026

**<u>VIA CM/ECF</u>**
Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the District of New Jersey (by designation)
c/o United Staes District Court for the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re:** ***Atlas Data Privacy Corp., et al. v. PublicNSA, LLC***
**Case No. 25-5989**
**United States District Court for the District of New Jersey**

Dear Judge Bartle:

This firm represents Defendant PublicNSA, LLC ("PublicNSA"), in the above-referenced action. We write in response to Plaintiffs' November 10, 2026 correspondence (Doc. 75) filed in this action as well as other Daniel's Law cases in this Court. Plaintiffs improperly and prematurely seek an order enforcing this Court's September 9, 2026 Discovery Order (Doc. 72) or an expedited conference related to the discovery responses served by the defendants in those various Daniel's Law matters. But having not first met and conferred with PublicNSA, Plaintiffs' request itself is violative of that order.

The Court's order requires the parties to "meet and confer with respect to any objections or inadequate responses to the interrogatories or requests for production" before filing motions to compel by December 3, 2026. (Doc. 72, ¶ 6). To date, Plaintiffs have not conferred with PublicNSA relative to its discovery responses, and for that reason alone, their request should be denied.

PublicNSA only responds as Plaintiffs' letter relates to it. PublicNSA timely served objections and responses to Plaintiffs' discovery requests by November 3, 2026. There are only two specific references to PublicNSA in Plaintiffs' letter. The first claims PublicNSA's responses improperly referenced "future document productions, without identifying the documents by bates number or producing them." The example provided is a quotation that PublicNSA referred to "documents produced as XX." Exhibit O to the letter, a single page from PublicNSA's responses,

indicates that PublicNSA's responses actually reference specific documents by bates number. Plaintiffs omit from their letter that this phrase only appears once and was an inadvertent instance in which the bates numbers referencing produced documents were not inserted. Had Plaintiffs conferred with PublicNSA as required, the error would have been made clear.

The second reference to PublicNSA in Plaintiffs' letter is their claim PublicNSA and other defendants conditioned further production of documents on the entering of an ESI protocol and agreement on search terms. Plaintiffs do not take issue with these prerequisites, which exist in nearly all cases. Rather, they claim that their circulation of a proposed ESI protocol to "lead defense counsel" and defendants' failure to discuss protocols in a coordinated matter necessitates this Court's intervention. This complaint is significantly misleading.

There is no lead defense counsel in these cases—although they are coordinated, this is not an MDL and no lead defense counsel has been appointed by the Court. Defendants are under no obligation to negotiate a single ESI protocol for separate cases, and such is impractical given the particular nature of defendants' data. Moreover, PublicNSA understands that the defense counsel to which Plaintiffs directed the proposed protocol explicitly informed Plaintiffs that they would only be negotiating on their clients' behalf. Despite that, Plaintiffs failed to communicate with other defendants, including PublicNSA, regarding a potential protocol, and to date, still have not done so.

Plaintiffs' position also ignores that they insisted on conducting ESI conferences with defendants *individually* in advance of serving written requests. Counsel for Plaintiffs and PublicNSA conferred about ESI issues on September 3, 2026. Plaintiffs have otherwise not communicated with PublicNSA regarding a proposed protocol or any other related issues. PublicNSA was under the impression following that conferral that Plaintiffs would provide an initial proposal. To the extent Plaintiffs take issue with the burden placed on them by litigating several distinct cases individually, that does not require PublicNSA to waive its right to negotiate a particular ESI protocol for its own case. PublicNSA remains willing to discuss and agree to an ESI protocol with Plaintiffs.

Plaintiffs also complain that numerous defendants objected to the number of requests served. Although PublicNSA properly raised such objections, it also provided answers to interrogatories notwithstanding that Plaintiffs surpassed the limit. Regardless, despite Plaintiff's claim, there is no obligation to meet and confer on this issue prior to serving objections.

Although PublicNSA anticipates raising deficiencies with Plaintiffs' responses, it will first confer with Plaintiffs as required. By not discussing such issues in this letter, PublicNSA does not waive any arguments for the potential motion to compel referenced in the Court's order.

Thank you.

Very truly yours,

Jordan O'Donnell of
MULLEN COUGHLIN LLC

JSO/bad